IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JERRY WAYNE HASS, #72012,            Petitioner, | § § § § | |
| v. | § § | No. 3:23-cv-02032-X(BT) |
| KAUFMAN COUNTY SHERIFF DEPARTMENT, et al.,            Respondents. | § § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Jerry Wayne Hass, a state prisoner, initiated this action by filing a handwritten document entitled "Extraordinary Circumstances Exception To Exhaustion." (ECF No. 4.) In his pleadings, Hass alleges that many of his constitutional rights have been violated, and he is being wrongfully incarcerated as he awaits trial on pending charges. In view of these allegations, the Court should construe this action as a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and dismiss it for failure to exhaust state court remedies. *See Stringer v. Williams,* 161 F.3d 259, 262 (5th Cir. 1998); *see also Dickerson v. State of Louisiana,* 816 F.2d 220, 224 (5th Cir. 1987) ("Pre-trial petitions such as Dickerson's [pre-trial challenges to state charges] are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered

1

and regardless of the present status of the case pending against him.") (footnote omitted).

## I.

Hass is in the Kaufman County jail awaiting trial on two counts of aggravated assault date / family / house with a weapon.[1] *See* Am. Pet. 3 (ECF No. 7). In his filings, Hass contends: (1) he was falsely arrested and is now being falsely imprisoned; (2) he has not been provided with "supposed indictments informations complaints and investigation reports," Am. Pet. 5 (ECF No. 7); (3) his speedy trial rights have been violated; (4) he has been subjected to a "vindictive prosecution," *id.* at 6; (5) he is being expected to pay an "excessive bail," *id.* at 7; (6) his "Due Process," *id.* at 7, rights have been violated; (7) he was not properly given the necessary warnings under *Miranda v. Arizona*, 384 U.S. 436, 4444 (1966); (8) the State withheld information from him under *Brady v. Maryland*, 373 U.S. 83 (1963); (9) his Ninth Amendment rights were violated; (10) his Fourteenth Amendment rights were violated; (11) he did not receive the information required to be provided to the accused; (12) the court or district attorney has violated state laws "for want of a conviction," Am. Pet. 7 (ECF No. 7).; and (13) he has not received effective assistance of counsel from his attorney, Andrew H.

---

[1] *See also* http://216.135.108.79:8080/inmate-details?id=asP0UUD9u08%253d&bid=dN1W10eNYvk%253d (last visited Oct. 30, 2023).

2

Jordan, and his staff. Hass argues that he is entitled to be "released" from custody due to the numerous violations of his constitutional rights. *Id.* at 8.

## II.

A pretrial detainee, like Hass, may seek habeas relief under § 2241, which applies to a person in custody, regardless of the present status of the case pending against that person or whether a court has rendered a final judgment. *See Stringer,* 161 F.3d at 262. But a state pretrial detainee must fully exhaust available state remedies before seeking federal habeas relief. *See Dickerson,* 816 F.2d at 225 (addressing a § 2241 filed by a state pretrial detainee). And exhaustion under § 2241 requires that a state pretrial detainee fairly present his claims to the state courts. *Id.* at 228. In Texas, this involves submitting the factual and legal basis of any claim to the Texas Court of Criminal Appeals (CCA). *Carter v. Estelle,* 677 F.2d 427, 443 (5th Cir. 1982). An exception may exist where there is an absence of available state corrective measures available or "exceptional circumstances of peculiar urgency" make any such process ineffective to protect the petitioner's rights. *See Deters v. Collins,* 985 F.2d 789, 795 (5th Cir. 1993) (quoting *Ex Parte Hawk,* 321 U.S. 114, 118 (1944)).

Here, Hass has presented numerous claims, but he cannot demonstrate that he exhausted his state court remedies prior to filing his § 2241 petition. Hass does not mention exhaustion of his claims in state court anywhere in his petition or amended petition, and while some of Hass's

3

claims are conclusory in nature, each is sufficient for the Court to find that he did not present them through the proper state court channels prior to filing his § 2241 petition. An independent review of the Texas CCA's website reveals that Hass has not presented any of his claims to the Texas CCA. Consequently, Hass has failed to exhaust his state court remedies, and his case should be dismissed.

## III.

For the foregoing reasons, the Court should dismiss this action without prejudice for failure to exhaust state court remedies.

Signed October 30, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).